Per Curiam:
In all the matters in which William B. Logan was petitioner before the Special Term, it is unnecessary to decide any question except his right to institute the proceeding in the Supreme Court. Each of these matters presents the question as to whether a review of the action of the board of elections may be had on the petition of ,<m elector who did not. tile objections to the certificate, who was not a candidate affected by the decision of the board, or a member of a committee representing the nominators and authorized to fill vacancies.
Our attention has been drawn since the argument to the case of Fernbacher v. Roosevelt (90 Hun, 441), in which the General Term of this department expressed views favoring such right of review.' But a subsequent decision of the Court of Appeals (Matter of Social Democratic Party, 182 N. Y. 442), although not expressly referring to Fernbacher v. Roosevelt, in effect overrules that decision. The Court of Appeals there clearly held that the filing of objections to a certificate of nomination with the proper board or body under the statute* is the institution of a special proceeding, and that the parties thereto áre the objector and those to whom notice is required by the statute* to be given, who are the candidate whose rights may be affected and the committee representing the nominators; and that where the objections are overruled, the matter can only be reviewed by the court on the petition of a person who filed objections. The logical effect of that decision is, that where, as here, the objections were sustained the decision can only be reviewed on the application of the candidate or of the committee representing those who placed him in nomination.
It is claimed that this objection was not taken at the Special Term and that it has,-therefore, been waived. On the other hand, . it is asserted that the objection was raised at the Special Term, but it does not so appear in the order. However that may be, under the decision of the Court of Appeals it was jurisdictional, and, the question having been raised here, it is our duty to vacate the order in "each of these-proceedings and dismiss the proceedings.
Present — O’Brien, P. J., Ingraham, Laughlin, Clarke and Scott, JJ.

 See Election Law (Laws of 1896, chap. 909), § 56, as amd. by Laws of 190b chap. 654; Id, § 65.-» pto, x