(116 App. Div. 146.)

### In re LOGAN.

(Supreme Court, Appellate Division, First Department. October 27, 1906.)

**1. ELECTIONS—NOMINATIONS—CONTESTS AND OBJECTIONS.**

The Special Term has no jurisdiction to review the action of the board of elections overruling objections to a certificate of nomination on the petition of an elector who did not file objections to the certificate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 136.]

**2. APPEAL—QUESTIONS REVIEWABLE—FAILURE TO PRESENT QUESTION BELOW— FUNDAMENTAL ERROR.**

On appeal from the Special Term, an objection that the Special Term had no jurisdiction may be considered, though it was not raised before that court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1166, 1168, 1179.]

Judicial proceedings in the matter of the application of William B. Logan concerning the certificate of nomination of John A. Galvin and others as candidates to be voted for at the election of November 6, 1906, in the city of New York. Orders of the Special Term vacated.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert R. Limburg, for petitioner.
John T. Dooling, opposed.

PER CURIAM. In all the matters in which William B. Logan was petitioner before the Special Term it is unnecessary to decide any question except his right to institute the proceeding in the Supreme Court. Each of these matters presents the question as to whether a review of the action of the board of elections may be had on the petition of an elector who did not file objections to the certificate, who was not a candidate affected by the decision of the board, or a member of a committee representing the nominators and authorized to fill vacancies.

Our attention has been drawn since the argument to the case of Fernbacher v. Roosevelt, 90 Hun, 441, 35 N. Y. Supp. 898, in which the General Term of this Department expressed views favoring such right of review. But a subsequent decision of the Court of Appeals (Matter of Social Democracy, 182 N. Y. 442, 75 N. E. 415), although

not expressly referring to Fernbacher v. Roosevelt, in effect overrules that decision. The Court of Appeals there clearly held that the filing of objections to a certificate of nomination with the proper board or body under the statute is the institution of a special proceeding, and that the parties thereto are the objector and those to whom notice is required by the statute to be given, who are the candidate whose rights may be affected and the committee representing the nominators, and that, where the objections are overruled, the matter can only be reviewed by the court on the petition of a person who filed objections. The logical effect of that decision is that where, as here, the objections were sustained, the decision can only be reviewed on the application of the candidate or of the committee representing those who placed him in nomination.

It is claimed that this objection was not taken at the Special Term, and that it has, therefore, been waived. On the other hand, it is asserted that the objection was raised at the Special Term; but it does not so appear in the order. However that may be, under the decision of the Court of Appeals, it was jurisdictional, and, the question having been raised here, it is our duty to vacate the order in each of these proceedings, and dismiss the proceedings.