In re · THOMAS.

(Supreme Court, Appellate Division, First Department. October 27, 1908.).

1. ELECTIONS (§ ·132\*) — PRIMARIES — CONVENTIONS—ORGANIZATION—ELECTION LAW. .

Under the express provisions of Primary Election Law (Laws 1898, p. 35ᴢ, c. ⱼ7ᵤ) § ⱼu, a convention can only be legally organized to transact business or make a nomination if called to order by the chairman of the committee with whom the call originated or by a person designated in writing for that purpose by such chairman.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 132.\*]

2. ELECTIONS (§ 133\*)—PRIMARY ELECTIONS—CONVENTION—CHAIRMEN—ROLLS.

Primary Election Law (Laws 1898, p. 352, c. 179) § 10, requires that every convention shall be called to order by the chairman of the committee with whom the call originated or a person designated by him in writing, who shall have the roll of the convention. Section 8, subd. 4 (page 349), declares that the custodian of primary record shall make up the rolls of the convention for which delegates are elected at primary elections, and mail one copy to the secretaries of the proper political committees of the several parties participating in the primary election. *Held*, that where neither the chairman of the county committee of a political party nor a person designated by him called a nominating convention to order, and there was no evidence that the convention roll prepared by the board of elections was present, nor that the names annexed to the minutes of the meeting were a list of the delegates elected to the convention, the nominations made there were void.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 133.\*]

Appeal from Special Term.

Petition by Isadore P. Thomas to reverse a decision of the board of elections overruling petitioner's protest against the nomination of Aaron Morris as an Independence League candidate for member of assembly of the Twenty-Sixth assembly district. From an order denying such application, petitioner appeals. Reversed, and application granted.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ. ·

Walter L. Rathbone, for appellant.

Terence Farley, for respondent.

PER CURIAM. This application was made upon the petition of one Isadore P. Thomas, a citizen of the state of New York, and an enrolled member of the Independence League party of the Twenty-Sixth assembly district. It appears from that petition that the Independence League nominated a candidate for member of assembly and filed the said certificate of nomination with the board of elections of the city of New York; that thereafter there was filed with the board a pretended nomination of one Aaron Morris for the same office. The board of elections overruled thè objections to the Morris candidate and directed that Morris be placed upon the official ballot as a candidate for member of assembly.

It appeared that the chairman of the Independence League county committee of the county of New York chose Isadore P. Thomas as the

person by whom the convention of the Independence League party to be held on the 3d of October, 1908, at No. 1677 Madison avenue, to nominate a candidate for member of assembly from the said district, should be called to order. From what purport to be minutes of conventions to nominate a candidate for member of assembly in the Twenty-Sixth assembly district it would appear that three conventions were held. Two of these conventions appear to have nominated Morris as a candidate for member of assembly, and the other convention nominated one William Hoffman. In one of the Morris certificates it is stated that Dr. Isadore P. Thomas, the person designated in writing by the chairman of the Independence League county committee, from whom the call for the said convention originated, not being present, David Shoenstein called the convention to order, and Max Freeland was nominated as temporary chairman; that the roll of the convention, as shown by a list annexed, was then called by David Shoenstein, and each delegate, rising in his place, declared his choice for Max Freeland as temporary chairman.

By subdivision 4, § 8, of the primary election law (chapter 179, p. 349, of the Laws of 1898), the custodian of primary record is required to make up the rolls of the conventions for which delegates are elected at primary elections, and to promptly mail, and, if requested, deliver, one copy thereof to the respective secretaries of the proper political committees of the several parties participating in said primary elections. And by section 10 of the act it is provided:

"Every convention shall be called to order by the chairman of the committee with whom the call originates or by a person designated in writing for that purpose by such chairman, and such chairman or person so designated shall have the custody of the roll of the convention until it shall have been organized. * * * The temporary chairman of the convention shall be chosen on a roll call and as the name of each delegate is called he shall rise in his place and declare his choice for such officer."

Before, therefore, a convention can be legally organized to transact business or make a nomination, it must be called to order by the chairman of the committee with whom the call originated or by a person designated in writing for that purpose by such chairman. In the absence of the chairman of the county committee or a person designated by him for the purpose of calling the convention to order and presiding over the election of a temporary chairman, the convention could not be organized and no nomination could be made.

There is another certificate filed, which is signed by the same officers as permanent chairmen and permanent secretary as the certificate before mentioned, and which nominated the same candidate, and this recites that Dr. Isadore P. Thomas, the person designated in writing by the chairman of the Independence League county committee, called the convention to order, and that on the call of the roll of the convention as shown upon a list annexed a temporary chairman was elected. But this was not the call of the official roll of the convention, but a list of names which is annexed to the minutes of the alleged convention. But there was evidence before the board, and it was not disputed upon this appeal, that neither the chairman of the county committee nor a person designated by him did as a fact call this convention to

order, and there is no evidence that a roll of the convention prepared by the board of elections was present, or that the names annexed to the minutes of the meeting was the list of delegates duly elected to the convention. For the same reason, this convention, if it is a different convention from the first convention considered, did not comply with the statute, was never organized as therein provided, and was thus unable to make a valid nomination. It seems, therefore, that from the papers before us there was no nomination for member of assembly by the Independence League for the Twenty-Sixth assembly district in the city of New York, and the board of elections should not have placed the name of Morris upon the official ballot as the nominee of the Independence League for member of assembly in that district.

The question of the nomination of Hoffman is not before us, as he does not claim to be entitled to be placed on the ballot.

It follows that the order appealed from must be reversed, with $10 costs, and the application granted.