In re HAUGH.

(Supreme Court, Special Term, Kings County. October 24, 1910.)

ELECTIONS ( 154*)—DETERMINATION OF BOARD OF ELECTIONS—CONTESTS.

 A qualified elector, who resides in the district for which an officer is to be chosen, and who has instituted a proceeding by filing an objection to the validity of a certificate of nomination of a candidate for the office, may bring a proceeding to annul the determination of the board of elections.

 [Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. 154.*]

In the matter of the application of Michael T. Haugh to annul the determination of the Board of Elections of the City of New York. Motion granted.

Order reversed, 125 N. Y. Supp. 704.

Bertram N. Manne, for complainant.

STAPLETON, J. I am required by authority to annul the determination of the board of elections of the city of New York. Matter of Thomas, 128 App. Div. 330, 112 N. Y. Supp. 664; Matter of Byrne, 128 App. Div. 334, 112 N. Y. Supp. 699. The only judicial limitation placed upon the general phrase "any citizen" has been that it is possible it should be limited to a qualified elector residing in the district for which the officer is to be chosen, and that the applicant be the person who instituted the proceeding by filing the objection. Matter of

Social Democratic Party, 182 N. Y. 442, 448, 449, 75 N. E. 415. The applicant is within the class as thus limited. It is too late now for a valid nomination. Sections 128 and 136, Election Law; Matter of Halpin, 108 App. Div. 271, 278, 95 N. Y. Supp. 611.

Motion granted.