THE PEOPLE OF THE STATE OF NEW YORK, ex rel. SPENCER G. TUERS, Relator, v. JOHN T. DOOLING, President, CHARLES B. PAGE, JAMES KANE and JOHN B. SMITH, Constituting the Board of Elections of the City of New York, and WILLIAM J. GARDNER, as Chairman, and HENRY DITTMAR, as Secretary of an Assembly District Convention Alleged to Have Been Held on the 10th Day of October, 1910, and FREDERICK M. AHERN, Alleged to Have Been Nominated by Said Assembly District Convention as a Candidate for Member of Assembly of the Independence League Party of the Tenth Assembly District of Kings County, Respondents.

(Supreme Court, Kings Special Term, November, 1910.)

Election of officers — Review by court — Time for review.

A proceeding to review a determination, seasonably made, of an officer or board, under section 125 of the Election Law relating to the making and filing of a certificate of nomination, will not be entertained unless it was instituted and submitted for decision to the Special Term of the Supreme Court or a justice thereof on or before the last day for filing nominations to fill vacancies, that is at least fifteen days before election.

On October 10, 1910, at the time and place designated by the Independence League for the holding of a convention for the nomination of a member of assembly for the tenth assembly district in Kings county, three of the six delegates elected to constitute the convention were present; and one person was present who bore the same name as an elector, enrolled in said league, who was elected as an alternate, but was in fact a different person and who participated in the organization of the convention and nomination of a candidate. A certificate was signed by the presiding officer and secretary of the convention and filed with the board of elections of the city of New York within the time prescribed by law. A determination of the board of elections of the city of New York,

overruling objections to the certificate of nomination based upon the unauthorized action of the supposed alternate, was made on the 21st of October, 1910, and the last day to file nominations to fill vacancies was October 24, 1910. Held, that a failure to institute a proceeding to review said determination until October 26, 1910, rendered the court powerless to act.

PROCEEDING to review a determination of the board of elections of the city of New York.

George V. S. Williams (James W. Redmond and John D. Mason, of counsel), for the applicant and relator.

Harry E. Lewis (Charles H. Kelby, of counsel), for the defendants Gardner, Dittmar and Ahern.

Archibald C. Watson, Corporation Counsel (Charles J. Druhan, of counsel), for the defendants the board of elections of the city of New York.

STAPLETON, J.  The applicant, Spencer G. Tuers, makes an application to this court to summarily review the determination of the board of elections of the city of New York, made on the 21st day of October, 1910, whereby it overruled, by failing to sustain by a majority vote, written objections theretofore filed by said applicant to a certificate of nomination of one Frederick M. Ahern as the candidate of the Independence League party for member of assembly in the tenth assembly district of Kings county.

The conceded facts are as follows: On the 10th day of October, 1910, at No. 136 Clermont avenue, in the borough of Brooklyn, county of Kings and city of New York, the time and place designated by the Independence League for the holding of an assembly district convention for the nomination of a member of assembly for the tenth assembly district in Kings county, three delegates out of a total number of six elected to constitute the convention were present. Compliance was made with the statutory formalities for the organization of a convention.  A person answering the name of one Thomas Quigley, who was elected as an alternate,

participated in the organization of the convention and the nomination of a candidate. The assemblage nominated Frederick M. Ahern, who had previously been nominated by the Republican party. A certificate was signed by the presiding officer and secretary of such assemblage and filed with the board of elections of the city of New York within the time prescribed by law. Written objections to that certificate were filed by the applicant here on the 14th day of October, 1910; a hearing was had and a determination made on the 21st day of October, 1910, overruling the objections.

. The objection was that the nomination was not made by the convention; that the majority of the delegates elected were not present; that the person acting as Thomas Quigley, who was elected as an alternate, was not the Thomas Quigley who was the only person of that name enrolled in the Independence League party in the tenth assembly district in Kings county.

The facts alleged in the written objections are conceded upon this application. The undisputed facts in addition to those conceded are that a person answered to the name of Thomas Quigley upon the roll call; that there was a Thomas Quigley elected as an alternate, but none of the three delegates knew Quigley, and that the three delegates who participated in the proceedings were in fact deceived by the person who answered the name of Quigley.

Although there is no fraud shown upon the part of the three delegates who participated in the proceedings and who caused to be filed this certificate, I should be inclined to hold, were the application timely, proceeding appropriate, and the rights of the Independence League Party preservable, that the certificate did not evidence a nomination by a lawfully organized political party convention.

The applicant here seeks to combine proceedings authorized under different provisions of the Election Law (§§ 70, 125 and 134), and claims relief under either or both of these proceedings. The provisions of the Election Law which the applicant invokes are as follows:

" Section 70. Jurisdiction of, and review by, the courts. Any action or neglect of the officers or members of a political

convention or committee, or of any inspector of primary election, or of any public officer, or board, with regard to the right of any person to participate in a primary election, convention or committee, or to enroll with any party, or with regard to any right given to, or duty prescribed for, any voter, political committee, political convention, officer or board, by this article, shall be reviewable by the appropriate remedy of mandamus or certiorari, as the case may require. In addition thereto, the Supreme Court, or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review such action or neglect. Such a complaint shall be heard upon such notice as the said court or justice or judge thereof shall direct. In reviewing such action or neglect, the court, justice or judge shall consider, but need not be controlled by, any action or determination of the regularly constituted party authorities upon the questions arising in reference thereto, and shall make such decision and order as, under all the facts and circumstances of the case, justice may require. For any other purpose of this section, service of a writ of mandamus, certiorari, order or other process of said court or justice or judge thereof upon the chairman or secretary of such convention, committee or board, shall be sufficient."

"Section 125. Conflict in names or emblems. If the certificate of nomination of two or more different political parties or independent bodies shall designate the same, or substantially the same, device or emblem or party name, the officer with whom the certificates of nomination are filed shall decide which of said political parties or independent bodies is entitled to the use of such device or emblem or party name, being governed as far as may be in his decision by priority of designation in the case of the device or emblem, and of use in the case of the party name. If the other nominating body shall present no other device or party name after such decision, such officer shall himself select for such other nominating body another device or party name, so that no two different parties shall be designated by the same device or party name. If there be a division within a party, and

two or more factions claim the same, or substantially the same, device or name, the officer aforesaid shall decide between such conflicting claims, giving preference of device and name to the convention or primary, or committee thereof, recognized by the regularly constituted party authorities."

"Any question arising with reference to any device, or to the political party or other name designated in any certificate of nomination filed pursuant to the provisions of this article, or with reference to the construction, validity or legality of any such certificate, shall be determined in the first instance by the officer with whom such certificate of nomination is filed. Such decision shall be in writing, and a copy thereof shall be sent forthwith by mail by such officer to the committee, if any, named upon the face of such certificate, and also to such candidate nominated by any certificate of nomination affected by such decision."

" The Supreme court, or any justice thereof within the judicial district, or any county judge within his county shall have summary jurisdiction, upon complaint of any citizen, to review the determination and acts of such officer and to make such order in the premises as justice may require, but the final order must be made on or before the last day fixed for filing certificates of nomination to fill vacancies with such officer, as provided in section 136 of this article. Such complaint shall be heard upon such notice to such officer as the said court or justice thereof shall direct."

" Section 134. Objections to certificates of nomination. A written objection to any certificate of nomination may be filed with the officer with whom the original certificate of nomination is filed within three days after the filing of such certificate. If such objection be filed, notice thereof shall be given forthwith by mail to the committee, if any, appointed on the face of such certificate for the purposes specified in section one hundred and thirty-five of this article, and also to each candidate placed in nomination by such certificate. The questions raised by such written objection shall be heard and determined as prescribed in section one hundred and twenty-five of this article."

Section 70 occurs in article 3 of the Law, the application of which article by section 20 thereof is stated to be as follows: " Except as otherwise herein provided, this article shall be controlling: (1) on the methods of enrolling the voters of a party in cities and in villages having five thousand inhabitants or more, according to the last preceding federal or state enumeration; (2) on primary elections in such cities and villages; (3) on party conventions in and for any political subdivision of the state, made up wholly or partly of delegates elected in any such city or village; (4) on the choice, in such cities and villages, of the members of political committees and on the conduct of political committees in and for any political subdivisions of the state, made up wholly or partly of members from any such city or village; provided, that in case territory to which this article is not applicable shall at any time become incorporated with a city or village to which it shall then be applicable, only the provisions of sections twenty-two to twenty-six, inclusive, of this article shall apply to such new territory prior to the first day of registration thereafter."

Sections 125 and 134 occur in article 5, which treats exclusively of nominations and the making and filing of certificates thereof. There must have been some purpose in providing for the distinct remedies in the same law, and it is the duty of the court to discover, announce and effectuate the purpose. The proper and necessary parties to the respective proceedings are different. Matter of Social Democratic Party, 182 N. Y. 442; Matter of Logan, 116 App. Div. 146.

The proceedings authorized by section 70 are designed to vindicate rights which are conferred and enforce the performance of duties which are imposed by the Election Law in regard to participation in primary elections, political committees and conventions. Through those proceedings the action or neglect of certain denominated functionaries, assemblages and organizations is reviewable, to the end that prescribed duties may not be neglected or ignored and designated rights may not be withheld, invaded or disregarded.

The applicant maintains that there is in the statute no

express limitation of the time within which a proceeding authorized by section 70 of the Election Law may be commenced, and that his application under that section is timely. In my judgment the time is clearly limited and the opportunity for its invocation destroyed by the filing of a certificate of nomination. The remedies prescribed in that section must be invoked before the certificate of nomination is filed with the filing officer.

The Appellate Division of this department in Matter of Cragg, 121 App. Div. 921, said: "This order strikes from the official ballot the names of certain candidates for office at the ensuing election. The grounds thereof are certain alleged errors and omissions in the party proceedings preliminary to the nomination of these individuals. We think that the Special Term could not make such order either in the exercise of any inherent power or by virtue of any statutory authority. Section 11 of the Primary Law, which is cited to us by the respondents, does not authorize such procedure, but is limited to the correction of errors and omissions in the primary proceedings, and does not extend to the correction of the ballots."

Section 11 of the Primary Election Law in force at the time of that decision and section 70 of the Election Law are substantially in the same words.

After a certificate of nomination is filed it is the duty of the board of elections to prepare a ballot containing the names of all the candidates whose nominations for any office have been duly made. Election Law, §§ 190, 330, 331.

Where no objection to a certificate of nomination is filed within the time prescribed, the officer or board with whom the certificate is filed is bound to recognize it as valid and the person named therein as the nominee. He or it has no duty with relation to the certificate except the ministerial one of printing the name of the nominee therein contained upon the ballot, unless jurisdiction to go behind it is established by the filing of written objections.

If a certificate of nomination be filed and it is invalid or defective or the nomination evidenced by it is illegal or irregular and written objections against it are filed, the

board or officer in whose office it is filed is charged with the duty and vested with ample power by the statute to determine the contest thus instituted in the first instance and to decide all questions of law and fact essential to the determination. Election Law, §§ 125, 134; Matter of Emmet, 150 N. Y. 538, 540.

That determination may be reviewed and such order may be made as justice may require. Election Law, § 125. It may be reviewed, however, only at the instance of the person who filed the written objections to the certificate of nomination. Matter of Social Democratic Party, 182 N. Y. 442, 449.

The final order in that review proceeding must be made on or before the last day fixed for filing certificates of nomination to fill vacancies, to wit, at least fifteen days before election, if the certificate be filed with the board of elections of the city of New York. Election Law, §§ 125, 136. That time this year expired October 24, 1910, election day occurring November 8, 1910.

In Matter of Hennessy, 164 N. Y. 393, it was held that, when the review proceeding was commenced and submitted to the court for decision within the time fixed by statute for the making of the final order, the court having thus acquired jurisdiction of the parties and subject-matter, the failure of the court to make a timely decision should not operate to deprive the parties who have no control over its action of the fruits of their litigation and to that extent the provision of the statute was directory merely.

The principle upon which this case was decided is " The time fixed in a statute for the performance of intermediate steps, after jurisdiction had been once acquired, should be regarded as directory merely, and an omission to perform one or more of them in time would not render the whole proceeding abortive." Matter of Empire City Bank, 18 N. Y. 199, 220.

The Hennessy case is also an authority for the proposition that a board or officer whose determination is subject to review within a specified time may not reserve decision until the time has elapsed, in reliance upon an apparently

mandatory provision of a statute; because, under such circumstances, the provision should be construed as directory.

I have been referred to no reported case and I have been able to find none where the courts have entertained an application to review a determination of an officer or board under section 125 of the Election Law seasonably made, unless the proceeding for review was instituted and submitted to the Special Term of the Supreme Court or a justice of the court for decision on or before the last day for filing nominations to fill vacancies, that is, at least fifteen days before election.

In this case the determination was made on the 21st day of October, 1910. The last day under the provisions of sections 125 and 134 of the Election Law, as construed by the Court of Appeals in the Hennessy case, *supra,* where the board of elections has not been itself at fault, would this year be October twenty-fourth.

This proceeding was not commenced until October twenty-sixth and was not submitted to the court until October twenty-eighth. The defendants and respondents directly raise the question of the court's power. They vigorously insist that it has not the power to review these proceedings if the legislative requirement is to be observed.

I am constrained, therefore, by the Election Law, as interpreted by the highest court in the State, to hold that, where the decision of the board is made in ample time to permit the institution and submission of the proceeding of review in the first instance within the statutory period, the failure to act within that time is fatal to the application.

My conclusions are that section 70 of the Election Law is not applicable to the state of facts presented in this proceeding and that the failure of the applicant to institute his proceeding for review under section 125 of the Election Law on or before a date at least fifteen days before election renders the court powerless to act upon his application.

Motion denied.