In the Matter of the Application of HARRY J. MURPHY for an Order Directing the Board of Elections of the City of New York to Print His Name upon the Official Ballot at the General Election to Be Held on November 4, 1919, as a Candidate of the Home Rule Party for the Office of Member of Assembly for the Sixteenth Assembly District, New York County.

HARRY J. MURPHY, Appellant; BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent.

First Department, October 21, 1919.

Elections — certificate of independent nomination — jurisdiction of court upon application by candidate to have name printed on official ballot — authority of board of elections with respect to validity of certificate of independent nomination — determination of sufficiency of number of signers — time of filing — when jurisdictional defects not waived.

Upon an application by a candidate for an order directing the board of elections to cause his name to be printed on the official ballot, *held* that for the reasons stated in the opinion of *Matter of McGrath* (189 App. Div. 140), the applicant was not entitled to the order without showing that the certificate of nomination was in due form and duly executed, and on said ground an order denying his application might be affirmed without prejudice to another application on sufficient papers; but in view of the limited time before it becomes necessary to have the ballots printed, said application should not be scrutinized technically and the court should have entertained it and summarily decided whether the certificate was valid and sufficient on its face and on matters of record.

The authority of the board of elections with respect to such certificates is wholly ministerial and it has no power to go outside of, beyond or behind the records, and is not authorized to pass upon any question relating to the forgery of the name of any nominator, notary or subscribing witness; and where no objection to the certificate is filed, the court is confined to matters of record.

Where a certificate of independent nomination is presented, the board of elections is not then called upon to determine upon the sufficiency of the number of signers.

Such certificates must be filed when presented.

While the powers and duties of a board of elections are ministerial only, jurisdictional defects are not waived by the receipt and filing of a certificate of independent nomination; and if said certificate be not substantially in the form and executed and authenticated in the manner required by law, it is invalid and remains invalid, although it may have been received and filed by the board.

The duty of counting the number of signers of an independent certificate of nomination who have registered devolves upon the board of elections under section 190 of the Election Law, as amended by chapter 369 of the Laws of 1919. This is a ministerial duty and is subject to judicial review under section 125 of the Election Law, as amended by chapter 244 of the Laws of 1914.

Upon an appeal by a candidate from an order denying his application to have his name printed on the official ballot, no objection having been filed to his certificate of independent nomination, no objection depending upon evidence *dehors* the record is available, but said candidate is not entitled, regardless of the validity of the certificate on the face of the records, and of whether the requisite number of the nominators have registered, to have his name printed on the official ballot.

APPEAL by Harry J. Murphy from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of October, 1919, denying his application for an order directing the board of elections of the city of New York to cause his name, as a candidate of the Home Rule party for the office of member of the Assembly for the sixteenth district, to be printed on the official ballot for the general election to be held November 4, 1919.

*Jacob J. Lesser* of counsel [*Samuel F. Hyman* with him on the brief; *H. & J. J. Lesser*, attorneys], for the appellant.

*Russell Lord Tarbox* of counsel [*John F. O'Brien* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

LAUGHLIN, J.:

The application was presented on an order to show cause based on the appellant's affidavit and two letters of the respondent, annexed thereto. The affidavit shows that a certificate of independent nomination of the Home Rule League, nominating the affiant for said office, was filed with

the board of elections on the 2d day of September, 1919, and that it was in form " as provided for by law," and contained the names of about 1,500 electors, residents of said Assembly district, all of whom were duly qualified to sign said certificate as he was informed and verily believed; that the requisite number of electors was 928; that no objection was filed to the certificate within the statutory period therefor; that objection by the board by letter of September seventeenth was made to the party name, and it was changed to " Home Rule " and that on the eighth of October he received a letter from the board dated the day before stating that his name would not appear on the official ballot for the reason that the certificate purporting to nominate him failed to comply with section 123 of the Election Law, " for the following reasons among others.   That many of the signatures to the aforesaid certificate of nomination purport to have been taken before witnesses who did not reside at the same address or within the same election district for the last two general elections, and also that many of the signatures of persons of same name and residence on both certificate and signature book of last registration were very evidently written by different persons, and as a result thereof the certificate fails to contain the requisite number of valid signatures."   The board presented no affidavit in opposition to the motion. The nominating certificate was not made part of the motion papers and it does not clearly appear to what extent, if any, the objections made thereto by the board in said letter are based upon what is shown on the face of the paper required to be filed.   It was not shown whether or not the requisite number of nominators registered and the registration was not complete when the motion was made.   For the reasons stated in the opinion in *Matter of McGrath* (189 App. Div. 140), handed down herewith, we are of opinion that appellant was not entitled to the order prayed for without showing that the certificate of nomination was in due form and duly executed as required by the statute and that the requisite number of nominators duly registered, and on that ground the order might be affirmed without prejudice to another application on sufficient papers; but in view of the limited time before it becomes necessary to have the names of candidates published and the bal-

lots printed we think the application should not be scrutinized technically and the court should have entertained it and should have required the production of the certificate of nomination and of matters of record and thereupon should have summarily decided whether the certificate was valid and sufficient on its face and on matters of record required in connection therewith, and if so then whether a sufficient number of the nominators registered.

As is shown in the opinion in the *McGrath* case the authority of the board was wholly ministerial and it had no power to go outside of, beyond or behind the records and was not authorized to pass upon any question relating to the forgery of the name of any nominator, notary or subscribing witness; and inasmuch as no objection to the certificate was filed the court likewise was confined to matters of record.

The Legislature undertook to prescribe definitely the requisites of a valid nominating certificate and with respect to the sufficiency thereof. It is provided, among other things, by section 123 of the Election Law (as amd. by Laws of 1916, chap. 537), that the nominators need not all sign the same certificate, and consequently where a certificate is presented the board is not then called upon to determine upon the sufficiency of the number of signers. Moreover the statute prescribes the period within which certificates may be filed (Election Law, § 128, as amd. by Laws of 1918, chap. 298); and it is manifest that the statute contemplates that such certificates shall be filed when presented, for section 134 of the Election Law (as amd. by Laws of 1911, chap. 649) provides that the time from which the period for filing objections runs is the time of the filing of the nominating certificate. If such a certificate be presented at the last moment permitted by law for filing it might be impossible for the board to pass upon the sufficiency of the certificate on its face instantly. I am of the opinion, therefore, that while the powers and duties of the board of elections are ministerial only, *jurisdictional defects* are not waived by the receipt and filing of the certificate; and if the certificate be not substantially in the form and executed and authenticated in the manner required by law, it is invalid and remains invalid although it may have been received and filed by the board. By said section 123 it is provided that the nominating

certificate may be executed by the electors by making oath before a notary or other officer whose certificate shall be attached. The form of the nominating certificate is prescribed in said section and it is expressly provided that every such certificate shall be substantially in that form. An alternative method of authentication is prescribed, and by it the elector signs in the presence of a subscribing witness, and the statute prescribes the qualifications of such witnesses but does not provide that all the qualifications shall be shown on the nominating certificate. It does, however, prescribe the form of oath to be executed by the subscribing witness and attached to the nominating certificate in which the subscribing witness is required to swear to all his qualifications, excepting that he is a freeholder or has been a resident of the county for five years. The statute further requires that there shall be filed in the office of the board a certificate by certain persons in the form required with respect to the good character of subscribing witnesses. It is then provided in subdivision 4 of section 123 (as amd. by Laws of 1918, chap. 323) that a person making a false affidavit, certificate or statement, or an officer knowingly signing a certificate to a false affidavit, certificate or statement is guilty of a misdemeanor and shall be punished as therein provided. It is finally provided in subdivision 6 of that section (as amd. by Laws of 1916, chap. 537) that no name of a person signing the certificate of nomination shall be counted unless he shall have registered as a qualified voter on one of the days of registration. Section 122 of the Election Law (as amd. by Laws of 1918, chap. 323) prescribes the number of nominators required on an independent certificate of nomination.

There is no express provision in the statute with respect to who shall determine whether a sufficient number of the nominators are registered, but since there is no duty devolved upon the board to present the question for judicial decision, it is manifest that the duty of counting the number of nominators who have registered devolves upon the board under section 190 (as amd. by Laws of 1919, chap. 369), which requires the board to execute the Election Law. That likewise, however, is a ministerial duty and is of course subject to judicial review under section 125 of the Election Law (as amd.

by Laws of 1914, chap. 244), which provides, among other things, that any question arising with respect to the "construction, sufficiency, validity or legality" of any certificate shall be determined by the Supreme Court or a justice thereof or the county judge "upon the application of any citizen." No objection having been filed to the certificate nominating the appellant no objection depending on evidence *dehors* the record is now available, but he is not, as his counsel seems to think, entitled, regardless of the validity of the nominating certificate on the face of the records and of whether the requisite number of the nominators have registered, to have his name printed on the official ballot.

The order is, therefore, reversed, without costs, and the matter remitted to the Special Term for a hearing in accordance with views herein expressed.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed and matter remitted to the Special Term for a hearing in accordance with the views expressed in opinion.