In the Matter of the Application of PATRICK J. MCGRATH for an Order Directing the Board of Elections of the City of New York to Print His Name upon the Official Ballot at the General Election to Be Held November 4, 1919, as a Candidate of the Home Rule Party for the Office of Justice of the Municipal Court, Borough of Manhattan, Sixth District.

PATRICK J. MCGRATH, Appellant; BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent.

First Department, October 21, 1919.

Elections — certificate of independent nomination — registration of electors signing same — jurisdiction of court to entertain application of candidate to have name printed on official ballot, made prior to completion of registration — duties of board of elections with respect to receiving and filing certificates of independent nomination.

Under subdivision 6 of section 123 of the Election Law, as amended by chapter 537 of the Laws of 1916, providing, among other things, that the name of no person signing a certificate of independent nomination shall

be counted unless such person shall be registered, the right of a person so nominated to have his name printed on the official ballot depends upon, among other things, whether before or after filing the certificate of nomination a sufficient number of electors signing the same shall be registered or shall register.

Although a person so nominated fails to show that a sufficient number of his nominators have registered, but it appears that the period for registering has not expired, public policy requires that the court entertain his application to have his name printed on the official ballot in advance of the completion of the registration, so that all questions presented relating to the validity and sufficiency of the certificate of nomination may be promptly decided, leaving only the question with respect to registration.

The duties of the board of elections with respect to the receiving and filing of certificates of independent nomination are now wholly ministerial.

The duty of executing the election laws, however, is expressly enjoined upon said board by section 190 of the Election Law, as amended by chapter 369 of the Laws of 1919, and it is its duty to refrain from acting upon papers purporting to be certificates of nomination, which do not appear on the face thereof to be executed in the form and manner required by law, but it has no judicial power to investigate or decide with respect to the validity of such a certificate depending on matters *dehors* the record.

The former rule that all certificates of nomination to which no objection is filed are to be deemed valid, no longer obtains.

The provisions of subdivision 2 of section 760 of the Penal Law that a person who " files or receives for filing a certificate of nomination, knowing that any part thereof was falsely made   *   *   * is punishable by imprisonment for not more than five years," do not warrant a board of elections in rejecting a certificate of nomination on the ground that in its opinion certain signatures thereon are forged, for the members of said board run no risk of prosecution under said statute for not rejecting a certificate which they merely suspect or are of opinion is in part forged.

Jurisdiction of a board of elections *held* limited to the examination of the face of a certificate of independent nomination and to counting the names of the nominators who registered, and *held further* that in so far as a letter of said board indicates that it went beyond said jurisdiction, its action was null and void.

APPEAL by the petitioner, Patrick J. McGrath, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of October, 1919, denying his application for an order directing the board of elections of the city of New York to cause his name to be printed on the official ballot as a candidate of the Home Rule party for the office of justice of the Municipal Court of the City of New

York, Borough of Manhattan, Sixth District, at the general election to be held on the 4th day of November, 1919.

*Jacob J. Lesser* of counsel [*Samuel F. Hyman* with him on the brief; *H. & J. J. Lesser*, attorneys], for the appellant.

*Russell Lord Tarbox* of counsel [*John F. O'Brien* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

LAUGHLIN, J.:

The application for an order directing the board of elections to print the name of Patrick J. McGrath on the official ballot as the candidate of the Home Rule party for justice of the Municipal Court was presented on an order to show cause, based on an affidavit made by him and on two letters from the board of elections annexed thereto. So far as material to the points presented for decision, the affidavit shows that on the 11th day of September, 1919, a certificate of independent nomination of the Home Rule League, nominating the affiant for said office, "was duly filed" with said board; that it was "in form, as provided for by law and contained the names of about 3,964 electors, residents of the said Municipal Court District, all of whom were duly qualified to sign the said certificate of independent nomination, as deponent is informed and verily believes;" that the number of electors essential to file such a certificate was 2,210; that on the 14th day of September, 1919, objections to said certificate were duly filed with said board by one De Hayes, claiming to be an elector in said district; that on the 15th day of September, 1919, affiant obtained an order directing said De Hayes to show cause at Special Term why a hearing on the objections should not be had, and on the 17th of September, 1919, said application was denied on the ground that it was premature, and an appeal from that order was taken to this court where it was then pending; that the objections filed by De Hayes have not been heard or determined and are still pending; that on the 17th of September, 1919, the board of elections objected to the name by which the independent body was designated on said certificate of nomination and that the name was thereafter duly changed to "Home Rule;" that on the 8th of October, 1919, the affiant received

a letter from the board of elections dated the day before, stating that his name would not appear on the official ballot because the certificate purporting to nominate him for said office failed to comply with the requirements of section 123 of the Election Law "for the following reasons among others. That many of the signatures to the aforesaid certificate of nomination purport to have been taken before witnesses who did not reside at the same address or within the same election district for the last two general elections; that no character certificates have been filed for many of the witnesses taking signatures and also that many of the persons signing the said certificate are not residents of the Sixth Municipal Court District, and as a result thereof the certificate fails to contain the requisite number of valid signatures."

This court is reversing herewith, without opinion, the former order denying the application as premature and remitting the matter to the Special Term for a hearing on the merits. (189 App. Div. 897.) Subdivision 6 of section 123 of the Election Law (as amd. by Laws of 1916, chap. 537) provides, among other things, that the name of no person signing such a certificate of nomination shall be counted unless such person shall be registered on one of the days of registration. The last day of registration was October eleventh. In view of this statutory provision it is manifest that the right of a person so nominated to have his name printed on the official ballot depends upon, among other things, whether, before or after filing the certificate of nomination, a sufficient number of electors signing same shall have registered or shall register, and consequently, without proof of that essential fact, the application of the appellant could in no event be granted. The appellant did not show that a sufficient number of his nominators had registered; and inasmuch as the period for registering had not expired, the court denied the application as premature. Of course this appellant was not entitled then, in any event, to an order requiring the printing of his name on the official ballot, for his due nomination for the office depended on whether or not a sufficient number of his nominators registered for the election. We are of opinion, however, that this being a matter of public interest, and the time for the determination of objections being comparatively

short, public policy required that the court entertain the application in advance of the completion of the registration to the end that all questions presented relating to the validity and sufficiency of the certification of nomination might be promptly decided, leaving only the question with respect to registration, which would be immaterial if the other objections to the nominating certificate should be sustained.

The motion for the order from which this appeal was taken was also made before the last day of registration, and it does not appear that the requisite number of those who signed the nominating certificate had registered. The appellant did not ask for a hearing on the objections but prayed a peremptory order requiring the printing of his name on the ballot on the ground that the board was without jurisdiction to determine that it would not be so printed as evidenced by its letter of October seventh or otherwise. It is quite evident that the petitioner in making his second application proceeded in disregard of the objections raised to the certificate of nomination, for in his affidavit he does not attempt to meet them and does not show that the certificate of nomination was executed in the manner and form required by law or that it was sufficient. The certificate of nomination is neither annexed to nor made a part of the motion papers and sufficient facts were not shown to enable the court to decide the questions arising on the objections thereto. The appellant attempts to justify his second application to the court by said letter of October seventh, which he seems to regard as removing his nominating certificate from the files of the board. It, however, had no such effect and the board had no authority to pass upon the objections filed.

From the enactment of the Election Law of 1892 (Chap. 680, §§ 56, 57, 65, as amd. by Laws of 1895, chap. 810) and the Election Law of 1896, being chapter 909 of the Laws of 1896 (See §§ 56, 57), until the amendments made to the present Election Law by chapter 649 of the Laws of 1911, the board with whom independent nominating certificates were filed was authorized, in the first instance, to pass upon the objections filed thereto and was likewise authorized to determine controversies with respect to party emblems. Under the former statute, as under the present law, a written objection to any

certificate of nomination might be filed within three days after the certificate was filed (Laws of 1890, chap. 262, § 13; Laws of 1892, chap. 680, §§ 56, 65, as amd. by Laws of 1895, chap. 810; Election Law of 1896, §§ 56, 65; Election Law of 1909, §§ 125, 134), and section 13 of chapter 262 of the Laws of 1890 and section 65 of chapter 680 of the Laws of 1892 provided that all certificates of nomination in apparent conformity with the provisions of the statute should be deemed valid unless objections thereto were made as therein provided.

By the amendment of 1895 to section 65 of the act of 1892 and in the enactment of the Election Law of 1896 the provision to the effect that the certificate should be deemed valid unless objections thereto were filed was omitted. Under the statute as it existed before this provision was omitted it was held that where no objection was filed to such certificate the nomination was to be deemed valid and the official or officials with whom the certificate was filed had no jurisdiction in the premises other than the ministerial duties enjoined on them by the statute, on the assumption that the nomination was valid. (*Matter of Cowie*, 25 Abb. N. C. 455. See, also, *People ex rel. Tuers* v. *Dooling*, 69 Misc. Rep. 391; affd., 141 App. Div. 918.) It thus appears that while the board of elections was authorized in the first instance to pass upon the objections duly filed to the nominating certificates, it has not, at least not prior to 1895, jurisdiction to inquire into the validity of such nominating certificates if they were in apparent conformity with the provisions of the statute. But the authority of the board of elections to pass upon the objections filed to nominating certificates and to determine conflicts with respect to party emblems was repealed by the said chapter 649 of the Laws of 1911, and by section 134 of the Election Law, as amended by that act, it was provided that the question raised by a written objection to a certificate of nomination should be passed upon as provided in section 125; and in section 125, as thus amended, it was provided that " any question arising with reference " to any device or party name, " or with reference to the construction, sufficiency, validity or legality of any such certificate " should be determined " upon the application of any citizen " by the Supreme Court or a

justice thereof within the district or county judge of that county, and, as amended by chapter 820 of the Laws of 1913 and chapter 244 of the Laws of 1914, that the final order of Special Term must be made on or before the twelfth day or in the case of a certificate of nomination of town or village officer, seven days preceding the day of election. These were important amendments and indicate quite clearly that in changing to an original hearing on the objections in court what was formerly a review of the action of the board thereon, the Legislature intended to divest the board of any power or authority to pass upon the questions presented by the objections filed to the certificate of nomination. I think that the duties of the board of elections with respect to the receiving and filing of certificates of nomination are now wholly ministerial.

The duty of executing the election laws, however, is expressly enjoined upon the board by section 190 of the Election Law (as amd. by Laws of 1919, chap. 369). Therefore, it is its duty to refrain from acting upon papers purporting to be certificates of nomination which do not appear on the face thereof to be executed in the form and manner required by law. In other words, it must refrain from acting upon a certificate which is invalid on its face; but the board has no judicial power to investigate or decide with respect to the validity of such a certificate depending on matters *dehors* the record. That the former rule that all certificates to which no objection is filed are to be deemed valid no longer obtains is shown by implication by *Matter of Greenwald* v. *Boyle* (179 App. Div. 672; affd., 221 N. Y. 688), where the board, as here, gave notice after a certificate had been on file with it eleven days, and no objection thereto had been filed, that it deemed the certificate insufficient and the court instead of deciding that it was too late to question the sufficiency of the certificate or that the court had no authority or duty in the premises other than to act upon the certificate as valid, proceeded to decide whether or not the certificate was valid and sufficient and decided that it was and ordered the board to so regard it. The same is implied from *Matter of Stoddard* (158 App. Div. 525), wherein it was held that the validity of such a certificate could not be decided until after the registration was complete, although that was

after the time prescribed for filing objections, and the court there also held that on objections being then filed the validity of nominating signatures could be judicially considered. The only authority cited in support of the claim that the board may investigate and decide any question with respect to the validity of such certificates is subdivision 2 of section 760 of the Penal Law, which provides that a person who " files or receives for filing a certificate of nomination, knowing that any part thereof was falsely made * * * is punishable by imprisonment for not more than five years." Those provisions did not warrant the board in rejecting the certificate of nomination on the ground that in its opinion certain signatures thereon were forged, for manifestly the members of the board run no risk of prosecution under the statutory provisions last quoted for not rejecting a certificate of nomination which they merely suspect or are of opinion is in part forged. The jurisdiction of the board, therefore, was limited to an examination of the face of the certificate of nomination and to counting the names of the nominators who registered. In so far as its letter indicates that it went beyond this its action was null and void and the certificate is deemed to be and remain on file and of precisely the same force and effect as if such action of the board had not been taken.

We might well affirm the order on the ground that the second application was made in disregard of the objections, but the objections were presented by the former application and we think that both applications should be remitted to the Special Term for a hearing on the merits with respect to the objections filed, the sufficiency of the certificate of nomination on the face of the papers required to be filed and of the registration of nominators, but without costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed and matter remitted to the Special Term for a hearing on the merits.