In the Matter of the Application of FRANK FRANKEL, Appellant, for an Order Directing THOMAS S. CHESHIRE, as Custodian of Primary Records of the Department of Elections of Nassau County, Respondent, to Receive and File the Republican Designating Petition of FRANK FRANKEL, for Republican Nomination of Mayor of the City of Long Beach, Nassau County, New York, and for a Further Order Enjoining and Restraining THOMAS S. CHESHIRE, as Custodian of Primary Records of the Department of Elections of Nassau County from Omitting to Print upon the Official Primary Ballots the Name of FRANK FRANKEL as the Republican Designee for Mayor of the City of Long Beach.

Second Department, March 13, 1925.

Elections — primary election — designating petitions — boards of elections and county clerks do not have power under Election Law, § 142, to pass on objections, not appearing on face of papers, and to determine sufficiency of petition — said questions must be determined by Supreme Court or justice thereof under Election Law, § 330.

The boards of elections and county clerks throughout the State who receive designating petitions for primary elections do not have the power under section 142 of the Election Law to pass upon objections filed to the petitions, involving matters not appearing on the face of the papers, and to determine the validity of the objections, and the sufficiency of the petitions, but such questions must be determined by the Supreme Court or a justice thereof under the jurisdiction conferred by section 330 of the Election Law.

APPEAL by the petitioner, Frank Frankel, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Nassau on the 8th day of November, 1924, denying the application of Frank Frankel for an order directing the county clerk of Nassau county, as custodian of primary records of the department of elections of Nassau county, to receive and file a petition designating the petitioner as the Republican nominee for mayor of the city of Long Beach, and enjoining said clerk, as custodian, etc., from omitting to print upon the official primary ballot the name of said petitioner as such nominee.

*A. I. Nova* [*George Rosling* with him on the brief], for the appellant.

*Samuel Seabury* [*John Godfrey Saxe* with him on the brief], for the Democratic State Committee, *amicus curiæ*.

*James N. Gehrig* [*Charles I. Wood* with him on the brief], for the respondent county clerk, as custodian, etc.

KELLY, P. J.:

This appeal involves the interpretation of the Election Law, as revised by Laws of 1922, chapter 588, sections 102, 142 and 330. The question presented is limited, by a stipulation signed by the respective counsel, to whether the boards of elections and county clerks throughout the State receiving designating petitions of candidates to be voted for at primary elections, have the power and duty imposed upon them to pass upon objections filed and to determine the validity and sufficiency of such designating petitions, or whether such questions must be determined by the court, pursuant to section 330 of the Election Law, as revised in 1922.*

While the question is academic so far as the election held in November, 1924, for the office of mayor of Long Beach is concerned, it is stated by the parties and their counsel that a decision of the matter in dispute is of public importance as a guide for proper procedure hereafter and that no decision on the question has been made by an appellate court. By consent of all parties the law committee of the Democratic State Committee was permitted to file a brief as *amicus curiæ.*

Prior to 1911 questions arising with reference to the validity, legality and construction of certificates of nomination were determined in the first instance by the officer or board with whom they were filed subject to a right of summary review by the Supreme Court or a justice thereof who could make such order as justice might require. (Election Law of 1909, §§ 125, 134.) In 1911 the law was amended and the power of this officer or board to determine these matters was taken from them and vested in the court or a justice thereof, which was empowered upon application of any citizen to make such order as justice might require. (Election Law, §§ 125, 134, as amd. by Laws of 1911, chap. 649. See, also, Laws of 1913, chap. 820; Laws of 1914, chap. 244, and Laws of 1921, chap. 479, amdg. said § 125.) From 1911 to 1919 there appears to have been no question as to this interpretation of the law, and when in 1919 it appears to have been questioned, the courts uniformly held that these questions should be decided by a judge rather than by boards of elections or county clerks. (*Matter of McGrath,* 189 App. Div. 140, 144; *Matter of Lindgren,* 232 N. Y. 59; *Matter of Buckley,* Special Term, Kings Co., CROPSEY, J., N. Y. L. J. Sept. 3, 1921.)

The respondent in the case at bar insists that by virtue of section 142 of the Election Law, as revised in 1922, chapter 588, the county clerk had the power and authority to pass upon the objections filed to the nominating petitions. He concedes that prior to the

---

* Amd. by Laws of 1924, chap. 405.— [REP.

revision of the law in 1922 and the enactment of this section 142 the clerk had no such authority and that his duties were entirely ministerial, and he agrees that the decisions cited by the appellant to that effect so determine.

The respondent cites the new section 142, as revised by chapter 588 of the Laws of 1922:

" § 142. Objections to petitions or certificates of designation or nomination; notice of determination. A written objection to any petition or certificate of designation or nomination may be filed with the officer or board with whom the original petition or certificate is filed within three days after the filing of the petition or certificate to which objection is made, except that if by any independent nominating petition any person is nominated who is at the time or shall be after the filing of such petition, the candidate of a party for the same office and the party certificate has been filed or party nomination made after the filing of such petition, the written objection to such petition may be filed within three days after the filing of such party certificate or the making of such party nomination.

" When a determination of such objections is made, or, no objections having been filed, when a determination is made that a certificate or petition is insufficient, such officer or board shall give notice of the determination forthwith by mail to each candidate named in the petition or certificate, and, if the determination is made upon objections, to the objector."

Respondent urges that there is no provision in this section that objections to the petition should be heard and determined by the Supreme Court, which he says was the procedure under old sections 134 and 55-a,* from which he says the present section 142 is derived. And he then proceeds to argue that the phraseology of this section as enacted in the law of 1922 leads to only one conclusion, to wit, that it was the intention of the Legislature that the county clerk or board receiving the certificate or petition should make the determination, although he concedes that the new section is entirely silent as to who shall make the determination.

But, it seems to me, the respondent overlooks the fact that when the Legislature enacted this law of 1922 they inserted what was practically a new article (Article 14 — " Judicial Proceedings)," and in the new section 330 (derived from §§ 56, 125, 134, 344, 381, 430, 433, 435, 520, 533 of the former Election Law [Laws of 1909, chap. 22], § 56 having been added to that law by Laws of 1911, chap. 891, and § 533 by Laws of 1920, chap. 875, and the various sections

---

* See Election Law of 1909, § 55-a, added by Laws of 1913, chap. 820, as amd. by Laws of 1914, chap. 244.— [REP.

having been amended by Laws of 1910, chap. 432; Laws of 1911, chap. 649; Laws of 1913, chaps. 820, 821; Laws of 1914, chap. 244; Laws of 1916, chap. 537; Laws of 1918, chap. 308, and Laws of 1921, chap. 479) the Legislature provides for *" Proceedings as to designations, nominations, ballots and canvass,"* and directs:

" The Supreme Court or any justice thereof within the judicial district shall determine any question arising, and make such order as justice may require, in respect of the following matters:

" 1. The designation of any candidate, in a proceeding instituted by any candidate aggrieved or by a person who shall have filed objections pursuant to section one hundred and forty-two.

" 2. The nomination of any candidate, or his election· to any party position, in a proceeding instituted by any candidate aggrieved or by the chairman of any committee as defined in section two, or, in the case of a nomination made otherwise than at a primary election, by a person who shall have filed objections pursuant to section one hundred and forty-two," etc.*

Then follow three additional subdivisions vesting this power of court review as to the form and contents of official ballots and the right to use emblems or colors, and as to the canvass of votes. The power of judicial review is very sweeping, covering everything contained in the law as it existed from 1911 down to this new law of 1922, and which led the Court of Appeals to say in the *Lindgren Case (supra)*: " It seems quite apparent, therefore, that when certificates of nomination are filed with the board of elections and are regular upon their face, any question regarding their validity or legality must be determined in the first instance by the Supreme Court or county judge. For the purpose of filing the certificates of nomination and placing the names of nominees upon the official ballot, the board of elections acts ministerially. If for any reason not appearing upon the papers the certificate is insufficient, illegal or invalid and the names of the nominees should not be placed upon the official ballot, a direction to this effect should first be made by the Supreme Court or the county judge. (*Matter of Murphy,* 189 App. Div. 135; *Matter of McGrath,* 189 App. Div. 140; Saxe's Manual of Elections, p. 220.) "

I do not think we can disregard the evident intention of the Legislature to vest this important ·power with reference to the placing of the name of a candidate on the ballot in the court and not in the election board, by saying that the Legislature has not prohibited the clerk or board from making the determination or that it would be absurd to direct the board of elections to give notice of a determination made by the court.

* Since amd. by Laws of 1924, chap. 405.— [REP.

The intention of the Legislature that this very important power of review should be vested in the courts and not in the boards or county clerks acting as election boards is emphasized by reference to the proposed act of 1922 amending the Election Law as it was originally introduced by the committee on the judiciary (Senate Bill No. 234, introduced January 17, 1922).

As originally proposed, the new section 142 relating to " Objections to petitions for [*sic*] certificates of designation or nomination; notice of determination," contained the 1st. clause as at present in the statute providing for filing with the board or clerk of objections to nominating petitions or certificates of designation or nomination, and it contained after the word " nomination " at the end of the 1st clause the words: " and if written objections to such petition have already been filed, whether such objections shall have been acted upon or not, there shall be a new hearing upon all the objections so filed. When an objection is filed, notice thereof and of a hearing thereupon before such officer or board shall be given forthwith by such officer or board by mail to the committee, if any, appointed on the face of such petition or certificate and also to each candidate placed in designation or nomination thereby, and to the objector, *and the question raised by such written objection shall thereupon be heard and determined by such officer or board.*" (Italics mine.)

Then followed the provision that when a determination of the objections was made, or, in case no objections were filed, when a determination was made that the petition was insufficient, the officer or board should give notice of the determination, etc. This last provision is the 2d clause in section 142 as enacted.

If the Legislature had adopted the suggestion of the committee on the judiciary and left the proposed provision for review of these designations and nominating petitions by the board or clerk, the matter would not be open to dispute.

But the Legislature struck out this provision for review by the board or clerk, and as enacted there is no such provision for review contained in section 142 of the Election Law. I think the Legislature intended to reserve the power to review these original nominating petitions or designations to the courts by the provisions of section 330 of the law as submitted by the committee on the judiciary and as enacted. The Legislature might well have omitted the 2d clause in section 142 with the other matter stricken out of the original bill, but it may not be inappropriate as referring to notice of some purely ministerial act of the clerk or board with reference to some obvious defect appearing upon the face of the petition filed.

But the objections which the respondent clerk assumed to hear

and determine in the case at bar are set out in the record and are as follows:

" 1. The names of the candidates now appearing in said petitions or certificates are not the names designated by the signers thereof for positions of mayor and councilman of the city of Long Beach.

" 2. The said petitions or certificates are fraudulent and forged, in that there was an unauthorized and unlawful alteration of said petitions or certificates over the names of the signers thereof after said signatures were affixed.

" 3. The persons signing the said petitions or certificates did not swear to or acknowledge their said signatures or to the truth thereof before the notary public whose name is now affixed to such petitions or certificates.

" 4. That the said petitions or certificates as they now appear are not signed by at least 3% of the enrolled voters of the Republican Party in the City of Long Beach pursuant to statute in such cases made and provided."

The county clerk proceeded to examine these objections, which, it seems to me, clearly involved matters not appearing on the face of the papers, involving various questions of fact and charges of fraud and forgery, and apparently determined that the objections were sustained, his decision being stated in a letter to petitioner Frankel, as follows: " I have determined that objections are sustained and that petition is insufficient," and he adds to this notification the following: " The questions raised by such written objection shall be heard and determined as prescribed in section 330 of this chapter " [*sic*].

Frankel then applied to the court for an order directing the clerk to receive and file the petition designating him (Frankel) as the Republican nominee for mayor of Long Beach, asking that the clerk's " determination " be set aside and that his name be printed on the ballot. He alleged that he had received no notice of the filing of objections to the designating petition, that the action of the clerk was " unjust " and that he (Frankel) had been aggrieved and deprived of his rights. An order directing the clerk to show cause why the relief prayed for should not be granted was signed by one of the justices of the Supreme Court on August 28, 1924, containing a stay of the printing of the primary ballots.

The hearing on the order to show cause came on before the court in Brooklyn on September 2, 1924, resulting in the following decision:

" The Court: I hold that Section 142 clothes the Board of Elections with the power to determine objections when filed to petitions, and that section 330 provides a means, summarily, of reviewing that decision within ten days. It seems to me that by

so providing the Legislature has protected everybody. It has given the person whose certificate has been rejected an adequate remedy whereby he may test whether the act of the Board of Elections was or was not justified.

" It cannot be that the Legislature ever intended to leave unprotected the man who has filed objections, which objections have been sustained. The power to determine objections given by section 142, to my mind, means the power to determine any objections made to the petition; and the power given by section 330 adequately protects any person who feels that he has been aggrieved. You have an exception to that."

The learned justice at Special Term then proceeded to review the action of the clerk, and testimony was taken on the merits of the objections, resulting in the order appealed from which recites Frankel's motion and the motion papers, that on the motion coming on to be heard it was adjourned for the purpose of taking testimony, that testimony was taken and after due deliberation " Ordered that the motion be and the same hereby is in all respects denied."

The learned justice at Special Term in his opinion filed says: " It is my opinion that by section 142 of the Election Law, election boards and officers have power to pass on all objections filed with them," etc. He says the effect of the amendment of 1922 was to " enlarge the powers of the officials." He bases his decision principally on the fact that the act of 1922 does not prohibit the clerks and election boards from determining these questions, and refers to the last clause in section 142 requiring notice of the determination.

But he says that notwithstanding this conclusion he has considered the matter involved as a proceeding under section 330 and goes on to pass on the evidence and finding that the petitions were defective because of extrinsic facts proven to his satisfaction.

We are not reviewing the correctness of his decision on the facts. I think he had the power under section 330 to conduct the inquiry and to decide the question. It is an academic question in any event.

The parties have stipulated " that the scope of the appeal herein shall be limited to the single question of law as to the power of boards of elections and county clerks acting as such to hear and determine the questions involving the sufficiency and validity of designating petitions." As to this question, I think we should adhere to the doctrine laid down in the numerous decisions cited under the former law. I think the intention of the Legislature under the act of 1922 was to leave the decision of all matters in dispute relating to the designation and nomination of candidates

for public office to the courts under the provisions of article 14, " Judicial Proceedings," section 330, which is a broad, comprehensive provision which very properly provides for a court review of these preliminary controversies over nominations and designating petitions.

I believe that the change in the law in 1911 (Laws of 1911, chap. 649), providing that these matters should be decided by the courts and not by the local boards or clerks, which procedure was followed from that date down to 1922, with the approval of the courts, was a wise and salutary regulation. The attempt to restore this preliminary power to throw out nominating petitions to the local officials can only result in the deadlocks and evils which were encountered before the amendment of 1911.

Under the sweeping provisions of section 330, the court or a justice thereof has plenary and summary power to investigate all these matters. The right of a citizen to present himself as a candidate for public office has been greatly circumscribed in this State by the successive changes in the Election Law; the printing of the ballots is in the hands of the public officials. I think the Legislature did not intend to vest in these local officials the preliminary power to pass on the validity of the nominating papers filed with them where the decision involved questions of fact. They may pass on purely ministerial questions, but I do not think the Legislature intended that they should go behind the face of the papers and determine the questions determined by the clerk here.

While we are of opinion that the county clerk had no power to hear and decide the objections filed with him, the court on a proceeding in which all the parties interested were before it under the Election Law, section 330, after taking testimony, has reached the conclusion that the designating petitions were invalid. The parties to this appeal stipulate that the only question involved on this appeal is the power of the county clerk, as custodian of primary records, to pass upon objections to designating petitions involving matters not appearing upon the face of the papers. As to this, we are of opinion that the revised Election Law (Laws of 1922, chap. 588) makes no change in the procedure theretofore prescribed. Such objections must be heard and decided by the court or a justice thereof as prescribed in section 330 of the act of 1922 (as amd. by Laws of 1924, chap. 405). For these reasons the order denying the motion to set aside the determination of the respondent clerk, as custodian of primary records, rejecting the designating petitions of appellant and to compel said respondent to receive said petitions and to print the name of the appellant upon the ballots as a candidate, should be modified by providing

that the determination of said clerk be vacated and set aside as unauthorized and invalid, and as so modified the order should be affirmed, without costs.

RICH, JAYCOX, KELBY and YOUNG, JJ., concur.

Order denying motion to set aside the determination of the respondent county clerk, as custodian of primary records, rejecting designating petitions, and to compel said respondent to receive said petitions and to print the name of appellant upon the ballots as a candidate, modified by providing that the determination of said county clerk be vacated and set aside as unauthorized and invalid, and as so modified the order is affirmed, without costs. Settle order on notice.