William Deckelman, J.
This is a proceeding for an order directing Joseph Epstein and Seymour Werbalowsky, as Commissioners of Elections of Ulster County, New York, to print and place the names of the petitioners, Howard F. Mansfield, John J. Schick, Harry C. McNamara, M. D., Howard L. Fox and Carmine Sabino, for the respective offices designated in the petition of the Economy party, on the ballot to be voted for on November 4, 1958, and for such further and different relief to petitioners as to the court may seem just and proper.
On the adjourned date, October 8, 1958, Kenneth L. Wilson, Raymond J. Mino, Fred C. Du Bois, Arthur C. Chipp, Alexander J. Banyo, candidates of the Republican party for such respective offices and the Republican County Central Committee of Ulster County moved to intervene and offered in evidence the petition of said Economy party as filed with said Board of Elections on September 9, 1958.
Petitioners contend that this proceeding is brought pursuant to article 78 of the Civil Practice Act. While the proceeding is captioned, “for an Order under Article 78 of the Civil Practice Act,” it is my opinion that it is a proceeding brought under section 330 of the Election Law, otherwise the court would have no jurisdiction. (See Matter of Tamney v. Atkins, 209 N. Y. 202, 206; see, also, Matter of Frankel v. Cheshire, 212 App. Div. 664, 670; see, also, Petito v. Heffernan, 115 N. Y. S. 2d 118, affd. 280 App. Div. 883.)
The court holds that the Board of Elections may not reject a petition without a majority vote. (Abrahams, New York Election Law, p. 343; Matter of Cavallaro, N. Y. L. J., July 19, 1944, p. 120, col. 1, Steinbrink, J., affd. 268 App. Div. 833; Matter of Garrett, N. Y. L. J., Sept. 4, 1941, p. 497, col. 6, McGtarry, J.)
*703 But this proceeding being brought within the 14-day limitation as provided by section 330 of the Election Law is a proceeding pursuant to such section even though captioned as above stated and this court, regardless of whether objections were registered within the time limited by section 145 is vested with summary jurisdiction to determine any question of law or fact irrespective of whether such questions had previously been raised at hearings before the Board of Elections. (Matter of Vona v. Cohen, 150 Misc 649, affd. 240 App. Div. 827, affd. 262 N. Y. 706.)
Motion to intervene granted and petitions offered in evidence received.
An examination of the petitions filed with the Board of Elections of Ulster County shows that there are less than 1,500 valid signatures upon the petition for county-wide offices. The court’s tabulation being 296 valid signatures and 2,086 invalid signatures.
That the petition for the office of supervisor, Town of Ulster, Ulster County, shows that there are less than 120 valid signatures. The court’s tabulation being 25 valid signatures and 321 invalid.
Fifteen hundred valid signatures being required for countywide offices in Ulster County and 120 in the Town of Ulster, Ulster County, New York (Election Law, § 138, subd. 5, par. [c], cl. [1]), the application is denied and petition dismissed.
Submit order accordingly.