*523 OPINION OF THE COURT
Randy Sue Marber, J.
TMs hybrid election proceeding, brought pursuant to Election Lav/ article 16 and article 78 of the CPLR, was commenced by the petitioner, William T. Biamonte seeking an order: (a) directing the respondent, Louis G. Savinetti to comply with articles 4, 6 and 7 of the Election Law and take all steps necessary to prepare and administer primary elections on September 13, 2011 in the 5th, 16th, 18th and 19th legislative districts; and (b) extending the time for the receipt by the Nassau County Board of Elections of military ballots and absentee ballots until 21 days after such ballots are delivered to the voters entitled thereto and enjoining the certification of the winner of any primary election until the expiration of such extension and canvassing of such ballots; and (c) costs, disbursements and attorneys’ fees.
The petitioner alleges in his verified petition that the respondent has “refused to discharge his statutory duty to preparé for and conduct certain individual primaries.” (Verified petition If 10.) Specifically, the petitioner asserts that there are four Republican Party primaries and four Conservative Party primaries for the office of County Legislator in the 5th, 16th, 18th and 19th legislative districts that are required to be conducted that the respondent refuses to conduct. Upon oral argument on the return date of September 2, 2011, the petitioner also included four primaries for the four legislative districts for the Tax Revolt Party.
It is undisputed that in the 5th, 16th, 18th and 19th legislative districts, designating petitions were submitted to the Nassau County Board of Elections for two separate candidates in each of those legislative districts by the Republican, Conservative and Tax Revolt Parties. In the 5th legislative district, designating petitions were filed for Fred Jones and Christian Browne. In the 16th legislative district, designating petitions were filed for James Milano and Bruce B Kennedy, Jr. In the 18th legislative district, designating petitions were filed for Donald N. MacKenzie and Robert A. Germino, Jr. In the 19th legislative district, designating petitions were filed for Jaswick S. Williams and Fred J. Jones. The petitioner refers to all of these candidates as “Additional Primary Candidates.” It is further undisputed that the designating petitions for all of the “Additional Primary Candidates” contained the requisite number of signatures and have been deemed to be valid as none *524 of the petitions were ruled invalid by the Commissioners of the Nassau County Board of Elections or in any contested litigation before the courts.
By order of this court (Driscoll, J.) dated August 8, 2011, the Nassau County Board of Elections was directed to place Christian Browne as a candidate of the Conservative Party for the 5th legislative district on the official primary ballot to be held on September 13, 2011.
By order of this court (Murphy, J.) dated August 10, 2011, the Nassau County Board of Elections was directed to place Robert A. Germino, Jr. as a candidate of the Conservative Party for the 18th legislative district on the official primary ballot to be held on September 13, 2011.
The petitioner asserts that none of the “Additional Primary Candidates” timely filed certificates of declination declining their designations and have, in fact, accepted their designations by filing certificates of acceptance with the Board of Elections.
The petitioner asserts that all of the designating petitions filed with the Nassau County Board of Elections were not objected to, that the time to object to them or to invalidate any of the designating petitions or to disqualify any of the “Additional Primary Candidates” has expired with no contest having been initiated. As such, the petitioner avers that each of the designating petitions are deemed valid. Consequently, the petitioner argues that since there are multiple candidates with valid designating petitions in each of the 5th, 16th, 18th and 19th legislative districts, primaries must be held and the respondent must proceed with his statutorily mandated duties of conducting official primaries including the “Additional Primary Candidates” together with all required duties attendant thereto.
The respondent interposes a counterclaim which seeks (1) a declaration that the designating petitions filed for the candidates do not create a primary election; and (2) an order compelling the petitioner to prepare primary election ballots that do not include any “designees” for legislative office submitted as “alternate designees.” In support thereof, the respondent asserts that the Election Law statutes (Election Law §§ 6-110, 6-118) do not provide any specific statutory direction as to what set of conditions mandate that a primary be held. The respondent argues that the candidates never intended to compete against each other and as such no primary should be held. Furthermore, the respondent contends that the cost of holding the primaries should convince the court that they should not be *525 held. The petitioner interposed a general denial to the respondent’s counterclaim on the record at the oral argument of the petition on September 2, 2011.
The respondent argues that the Republican, Conservative and Tax Revolt Parties chose to gather signatures on alternate designating petitions to ensure that candidates would be designated no matter which maps of the legislative districts ultimately applied. Attached to each designating petition was a “cover sheet” that purported to condition the designation of the candidate upon the outcome of the litigation which was to determine the legality of the implementation of Local Law 3-2011. This, the respondent asserts, allowed the respective candidates designated under the old law, Local Law 2-2003 or the new law, 3-2011, to decline the nomination depending on the outcome of the litigation. Since the New York State Court of Appeals has ruled that the old law, 2-2003, applies for this year’s election, the respondent contends that the candidates’ petitions filed under the new law, 3-2011, are null and void.
To add conditions on the cover sheet, which is prepared after voters signed the designating petitions, in an attempt to modify the face of the designating petitions, disenfranchises the voters. The respondent submitted no evidence that voters were even told they were signing designating petitions, which are presumptively valid, containing a contingency. The respondent’s counsel cites no authority that supports the proposition that a caveat or condition placed in the cover sheet attached to designating petitions filed with the Board of Elections limits the face of the designating petitions signed by voters. Furthermore, there is no authority cited to support the premise that the caveat, condition or limiting language contained in the cover sheet attached to the filed designating petitions allowed the candidates to decline their designation outside the statutorily mandated time periods.
The statutory provisions allowing for candidates to decline a nomination are clear. Election Law § 6-158 (2) provides that “[a] certificate of acceptance or declination of a designation shall be filed not later than the fourth day after the last day to file such designation.” In the case of the Republican and Conservative Party designating petitions, the time in which the designated candidates had to decline the nomination expired on July 18, 2011. Pursuant to Election Law § 6-158 (11), the last day a candidate would have been able to decline the nomination of the Tax Revolt Party was August 26, 2011.
*526 Election Law § 1-106 (2) provides: “The failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office or to the acceptance or declination of such designation or nomination within the time prescribed by the provisions of this chapter shall be a fatal defect.” In that regard, it is well settled law that failure to comply with the time prescriptions of the Election Law shall be fatal defects. The time limitations for filing certificates of declination are mandatory and the judiciary should be foreclosed from “fashioning exceptions, however reasonable they might be made to appear.” (Matter of Baker v Monahan, 42 NY2d 1074 [1977].)
The candidates who have attempted to decline their nominations on September 1, 2011, clearly well beyond the statutory deadline to have done so, cannot do so and their declinations are a nullity. Parenthetically, the purported declinations signed by Jaswick S. Williams, in the 19th legislative district, did not contain the signature of a notary.
There is no statutory or case law authority for this court to fashion a remedy for the Republican, Conservative and Tax Revolt Party candidates to decline their nominations at this time. Additionally, the respondent’s counsel cited no such authority. A tactical decision was made by each of the aforementioned parties resulting in the outcome of multiple candidates. There being multiple candidates for each of the Republican, Conservative and Tax Revolt Parties whose designating petitions are valid, not having been contested or having been contested and having been found to be valid by court order, they are required to be in a primary for the voters of those parties to vote for a candidate of their choice. The costs associated with running primaries as a result of the tactical decision made by the Republican, Conservative and Tax Revolt Parties is of their own making and not the result of this court adhering to the statutorily mandated provisions of the Election Law.
Moreover, the authority of a local board of elections is limited inasmuch as its duty is to review valid election petitions to determine their legal sufficiency. The Election Law makes the petition presumptively valid if it meets the requirements set forth therein. Section 6-154 (1) of the Election Law states that “[aJny petition . . . shall be presumptively valid if it is in proper form and appears to bear the requisite number of signatures, authenticated in a manner prescribed by this chapter.” The Board of Elections may not, sua sponte, invalidate unchallenged *527 designating petitions since its statutory power extends only to a ministerial examination of the legal sufficiency of a designating petition. (See Matter of Frankel v Cheshire, 212 App Div 664 [2d Dept 1925].)
In the matter sub judice, the record establishes that the designating petitions were filed and accepted by the Board of Elections with no objections being filed thereto. As such, in the absence of an objector to the presumptively valid petitions, any act by the Board to sua sponte invalidate same would be an unlawful exercise of the Board’s powers.
Upon oral argument of this petition, counsel for the respondent consented that should the court determine that a primary should be held in the 5th, 16th, 18th and 19th legislative districts for the “Additional Primary Candidates,” the petitioner’s request to extend the time for military ballots and absentee ballots to be counted should be granted.
Accordingly, it is hereby ordered, that the respondent, Louis G. Savinetti, is directed to comply with articles 4, 6 and 7 of the Election Law and take all steps necessary to prepare and administer primary elections on September 13, 2011 in the 5th, 16th, 18th and 19th legislative districts for the Republican, Conservative and Tax Revolt candidates; and it is further ordered, that the petitioner and respondent, Commissioners of the Nassau County Board of Elections, are directed to extend the time for military and absentee ballots until 21 days after such ballots are delivered to the voters entitled thereto; and it is further ordered, that the certification of the winner of any primary election of the “Additional Primary Candidates” is stayed until the expiration of the time for the receipt of and canvassing of such ballots is completed.
All applications not specifically addressed herein are denied.