In the Matter of the Application of Roswell F. Taylor, Appellant, for an Order Enjoining Bernard J. Redmond and Another, as Members of the Board of Elections of the County of Jefferson, and Another, Respondents.

Fourth Department, October 31, 1933.

*Roswell F. Taylor*, for the appellant.

*John H. O'Brien*, for the respondents Members of the Board of Elections.

*Giles & Fuller*, for the respondent Selby C. Folks.

Thompson, J. There is a failure in the petition to allege that the citizen elector bringing this proceeding had filed the objection required by section 142 of the Election Law. This is a jurisdictional prerequisite to the right of petitioner to institute this proceeding. (Election Law, § 330, subd. 2.) We are constrained, therefore, to dismiss it.

Matters relating to the construction of the special statute providing for non-partisan primaries and elections in the city of

Watertown have been elaborately argued, and despite the lack of jurisdiction, we have decided to state our views in respect to the questions presented.

By chapter 276 of the Laws of 1920 the Legislature passed an act " to provide for nonpartisan primaries and elections in the city of Watertown." For the purpose of filling the offices of mayor or councilman of the city, the act abolishes the party primary. In pursuance to provisions of this statute directing the manner in which the non-partisan primary thereby established shall be conducted, qualified candidates of the requisite number have been named for councilmen and have been certified to the board of elections of the county of Jefferson as non-partisan candidates for councilmen in the city of Watertown, in accordance with the requirements of the Election Law. In due time and form petitions have also been filed with the commissioners of election of Jefferson county under the Election Law entitling one Selby C. Folks to have his name placed on the ballot for election as an independent candidate for councilman, and the commissioners of election have signified their intention of placing the name of this independent candidate for councilman on the ballot for the coming election.

It is evident that it was the intention of the Legislature to provide a method for the citizens of Watertown to select their municipal officers without regard to party politics. The act expressly provides that the provisions of the Election Law shall apply to the nomination and election of such officers in so far as they are not inconsistent with the act, thus taking primary elections in the city of Watertown out of the operation of the Election Law except as its provisions may have life due to the omission of the local act to supply anything in their place. It is not asserted that the act is unreasonable, or that it fails to provide a fair and adequate manner in which the voters may register their desires as to who should be candidates for the offices mentioned.

The act contains no provision for independent nominations. On the contrary, it expressly provides that only the names of candidates nominated in the manner provided by the act shall be placed upon the official ballot as candidates for office. We find it reasonable and consistent that independent nominations should not be permitted in the city of Watertown for other reasons. In its provision for independent nominations the Election Law, upon which this candidate depends, expressly qualifies and defines independent nominations in connection with party nominations and primaries.

Under this Watertown statute the nominees are in fact and law all independent candidates. There, a forum and mode of operation are provided whereby each candidate must be an inde-

pendent, and the electors have an opportunity to select which of such independent candidates shall stand in the election. Indeed it is the underlying purpose of the act to provide a means whereby the people may in the first instance select the one or ones among the independent candidates for the offices to be filled, which they deem best fitted to render the service required of such office. In purpose and effect the act supersedes and renders nugatory the provisions of the Election Law with respect to independent nominations for the officers above mentioned in the city of Watertown.

Furthermore, the Election Law in its section 130 itself expressly validates such a law as follows: " this article shall not repeal nor affect the provisions of a statute, general or local, prescribing a particular method of making nominations of candidates for certain school or city offices."

Local statutes abolishing the party primary, forbidding the display of party emblems or devices and providing for the non-partisan election of certain officers are valid. So far as the local Election Law affects the property, government or affairs of the municipality, to wit, the election of its local officers, it is constitutional. (*Bareham* v. *City of Rochester*, 246 N. Y. 140.)

To permit independent nominations to be filed under the general Election Law after candidates have been selected in a primary held under this act would be to take away all meaning from the act, to defeat the ends which it is so effectively drawn to accomplish and to avoid the lawfully expressed will of the people.

The order should be reversed and the proceeding dismissed, without costs.

Present — SEARS, P. J., THOMPSON, CROSBY and LEWIS, JJ.

Order reversed on the law and proceeding dismissed, without costs.