In the Matter of the Application of FRANCIS McGOVERN, Petitioner; JACK O'BRIEN, Respondent.*

Supreme Court, Special Term, Rensselaer County, September 27, 1943.

*Morris Zuckman* for petitioner.

*John Braun* for respondent appearing specially.

*Walter L. Collins, County Attorney (Frank Pedlow* of counsel), for Board of Elections of Albany County.

MURRAY, J. For the reasons stated in *Matter of McGovern* (*Olson*) (180 Misc. 508), a proceeding to review the nomination of Carl O. Olson as a candidate for the office of Supervisor, First Ward, Watervliet, N. Y., the special appearance of respondent herein is not sustained, and objections made as to the jurisdiction of the court are each overruled.

As to the merits, the facts are that at an election primary held in Watervliet, N. Y., August 10, 1943, a tie vote resulted in the vote for Mayor, American Labor Party, between James F.

* Cf. *Matter of O'Connor (Babcock),* 180 Misc. 630.— [REP.

Donlon and Jack O'Brien. On the 24th day of August, 1943, a certificate was filed with the Board of Elections of Albany County, which nominated Jack O'Brien, respondent herein, as the candidate of the American Labor Party for the office of Mayor, Watervliet, N. Y. This certificate is signed and verified by ten county committeemen out of twelve county committeemen of the American Labor Party duly elected in and for the political subdivision of Watervliet, N. Y.

No objections were filed with the Board of Elections against the validity of the certificate which designated Jack O'Brien as such candidate for Mayor. The Board of Elections has certified that Jack O'Brien is the duly designed nominee and candidate of the American Labor Party for Mayor in the City of Watervliet, N. Y. There is no need or any value in discussing the several matters argued at length before the court on the return of this proceeding for the reason that no objections against the nomination of Mr. O'Brien, pursuant to section 142 of the Election Law, were filed with the Board of Elections. The petition fails to allege that any objections were so filed. Hence, petitioner is not entitled to relief. (*Matter of Taylor* v. *Redmond,* 239 App. Div. 112.)

It is stated in the *Taylor* case (*supra*) as follows: " There is a failure in the petition to allege that the citizen elector bringing this proceeding had filed the objection required by section 142 of the Election Law. This is a jurisdictional prerequisite to the right of petitioner to institute this proceeding. (Election Law, § 330, subd. 2.) We are constrained, therefore, to dismiss it."

It was incumbent on petitioner or anyone else opposing the nomination of Mr. O'Brien to file objections to the certificate which nominated him. The law permits a review of a decision made by the board of elections when objections have been so filed, but such review cannot be had unless the proper jurisdictional acts have been done. The court is mindful of the fact that ten of twelve county committeemen of the American Labor Party of the City of Watervliet, N. Y., signed the certificate nominating Mr. O'Brien for the office of Mayor.

Since the mandate of the Legislature (Election Law, § 330), is that the court, in a proceeding such as is now before this court, must make an order as justice requires, the motion of petitioner for the relief prayed for herein is denied.

Submit order.