In the Matter of EDGAR A. SMITH, Petitioner, against BOARD OF
ELECTIONS OF SCHENECTADY COUNTY, Respondent.

Supreme Court, Special Term, Albany County, August 23, 1949.

*Raymond C. Bonk* and *Richmond Merrill* for petitioner.

*F. Van Deusen Ladd* for Joseph Coppola.

*Walter S. McNabb, County Attorney,* for respondent.

MURRAY, J. The motion is one by petitioner, Edgar A. Smith, a resident and qualified voter in the fourth ward of the city of Schenectady, New York, for the court to determine and declare a certificate, which certificate was filed with the board of elections, Schenectady County July 9, 1949, designating him as the regular Republican nominee for the office of supervisor of the fourth ward of the city of Schenectady on the Republican primary ballot is valid and that a certificate filed August 4, 1949, with the board of elections of Schenectady County designating Joseph Coppola as the Republican nominee for the same office at the same 1949 primary election is invalid and further that the board of elections commissioners be directed to place petitioner's name on the Republican primary ballot by a drawing by lot as a candidate for the office of supervisor of the fourth ward in the city of Schenectady.

The facts presented for consideration are not in dispute. Decision must be made on the documents and papers in this matter on file with the board of elections of Schenectady County and the proceedings had thereon by said board. They are in evidence and briefly are as follows:

A resolution in accordance with section 136-a of the Election Law stating that on the 7th day of July, 1949, at a regular meeting of the fourth ward Republican county committeemen Edgar A. Smith of No. 102 Jay Street, Schenectady, New York, was designated as the regular candidate of the Republican party at the 1949 primary election for the office of supervisor of the fourth ward of the city of Schenectady, New York. This designating certificate is signed by the chairman of the fourth ward

Republican county commiteemen and also by the secretary of the fourth ward Republican county committeemen. It was received and filed with the board of elections on the 9th day of July, 1949.

Two petitions and certificates of designation signed by the requisite number of Republican enrolled voters of the fourth ward of Schenectady which designated petitioner, Edgar A. Smith, as the Republican candidate for the office of supervisor of the fourth ward at the 1949 primary election. One such petition and certificate of designation was filed with the board of elections on July 27, 1949 and the other on August 2, 1949.

A paper signed and acknowledged by Edgar A. Smith accepting pursuant to law his designation as a candidate for nomination for the office of supervisor of the fourth ward by the Republican party at the primary election to be held September 6, 1949. Such acceptance by Smith was filed with the board of elections on the 5th day of August, 1949.

Exhibit " A " annexed to the motion papers of petitioner of a notice to candidates of drawing by lot addressed to Smith and his vacancy committee by the commissioners of election that in accordance with section 103 [§ 104, in Election Law enacted by L. 1949, ch. 100] of the Election Law that a drawing by lot would take place at the office of the commissioners of election on Saturday, August 6, 1949, at 10:00 A.M. to determine the order in which petitioner's name shall appear as a candidate for the office of supervisor, fourth ward, on the Republican party primary ballot. The notice and exhibit bears no date.

A paper signed by six Republican committeemen of the fourth ward of the city of Schenectady wherein in person they disavow and disapprove of the certification of Edgar A. Smith, enrolled Democrat as the Republican designee for supervisor of the fourth ward which designation was filed with the commissioners of election of Schenectady County on July 9, 1949. There is also annexed with such paper a resolution dated August 3, 1949, signed by Edward Pelott, chairman, and Nicholas N. Dinardo that the action taken by members of the Republican county committeemen in designating Edgar A. Smith, an enrolled Democrat, is rescinded and revoked and that Joseph Coppola, an enrolled Republican is indorsed as the candidate of the Republican party for the office of supervisor of the fourth ward of the city of Schenectady. Such paper and resolution was filed with the commissioners of election of Schenectady County, August 4, 1949.

█ A letter addressed to Edgar A. Smith as follows:

"August 12, 1949

Edgar A. Smith
102 Jay St.,
Schenectady, N. Y.,
Dear Sir: —

The Republican Committeemen of the 4th Ward of the City of Schenectady, have disavowed and disapproved a certification of Edgar A. Smith, enrolled Democrat, as the Republican designee for Supervisor for the 4th ward of said city to entitle him to be a candidate of the Republican Party in the Primary to be held on the 6th day of September, 1949, said certificate being dated July 7th, 1949, and filed in the office of the Election Commissioners of Schenectady County on the 9th of July, 1949.

Therefore, your name will not appear on the Republican Party Primary ballot for the primary to be held Sept. 6th, 1949.

BOARD OF ELECTIONS,

GMS                    By (Signed) HENRY C. FAGAL
                          _Commissioner of Elections._"

Surprisingly and of interest in passing it appears from the records on file with the board of elections that the resolution adopted by fourth ward Republican county committeemen in and by which Edgar A. Smith was designated as the regular candidate of the Republican Party for the office of supervisor of the fourth ward, is signed and attested by Edward Pelott as secretary of such fourth ward Republican county committeemen whereas the resolution rescinding and revoking such nomination is signed by the same person, Edward Pelott as chairman of such committeemen. In short Pelott signed the respective resolutions both ways, one in favor of the nomination of Mr. Smith and the other against it.

On this motion no objections or questions have been raised or interposed as to the timeliness, the regularity, form or sufficiency of the petition and certificate of designation of the Republican enrolled voters of the fourth ward designating Mr. Smith as their candidate for the office of supervisor, particularly so, no objections of any kind or nature were ever filed with the board of elections of Schenectady County pursuant to section 145 (L. 1949, ch. 100) of the Election Law that the petition as filed on behalf of Mr. Smith was insufficient.

The sole and only reason for rejection of the petition and designation of Mr. Smith, regular on its face in every respect in

conformity with the Election Law, is a resolution filed with the board of elections by certain Republican committeemen of the fourth ward which purports to disavow and rescind the certificate of designation of Mr. Smith by the fourth ward Republican county committeemen at a regular meeting of such committeemen held on the 7th day of July, 1949.

Acting solely on such resolution of disavowal, without a hearing of any nature accorded Mr. Smith, a letter was sent to Mr. Smith as hereinbefore quoted judicially and peremptorily stating, "*Therefore, your name will not appear on the Republican Party Primary ballot for the primary to be held Sept. 6th, 1949*". (Emphasis supplied.)

There was no warrant or any legal right given the board of elections to make such a judicial determination of whether or not Mr. Smith should or should not remain on the primary ballot. Authority for the court in so ruling is well stated in *Matter of Lindgren* (232 N. Y. 59, 62) wherein the Court of Appeals states in clear language: "It seems quite apparent, therefore, that when certificates of nomination are filed with the board of elections and are regular upon their face, any question regarding their validity or legality must be determined in the first instance by the Supreme Court or county judge. For the purpose of filing the certificates of nomination and placing the names of nominees upon the official ballot, the board of elections acts ministerially. If for any reason not appearing upon the papers the certificate is insufficient, illegal or invalid and the names of the nominees should not be placed upon the official ballot, a direction to this effect should first be made by the Supreme Court or the county judge. (*Matter of Murphy,* 189 App. Div. 135; *Matter of McGrath,* 189 App. Div. 140; Saxe's Manual of Elections, p. 220.)"

The Legislature by the enactment of section 330 of the Election Law, specifically confers jurisdiction and authority on the Supreme Court to determine any question of law or fact arising as to the nomination of any candidate, or his election to any party position in a proceeding instituted by any candidate aggrieved, or by the chairman of any committee as defined in section 2, or, in the case of a nomination made otherwise than at a primary election by a person who shall have filed objections pursuant to section 145 (L. 1949, ch. 100).

The law is settled beyond dispute that jurisdiction of board of elections in passing on sufficiency of designating or nominating petitions is confined strictly to ministerial as distinguished

from judicial duties. (*Matter of Bednarsh* v. *Cohen,* 267 App. Div. 133.)

Section 330 of the Election Law marks a distinct reform in procedure. Under the old law prior to enactment of section 330 the board of elections decided both legal and ministerial questions before them on partisan lines. Such procedure is no longer the rule. Boards of election are now confined to ministerial matters and not judicial.

Objections to the petition and certificate of designation of Edgar A. Smith were required to have been made within three days after it was filed. (Election Law, § 145, as enacted by L. 1949, ch. 100.) Such law is mandatory.

It is a jurisdictional requirement. It was incumbent on the persons attacking the validity of the designation of Mr. Smith to have filed with the board of elections of Schenectady County any objections which they believed they had against the designation of Mr. Smith within three days after his petition was filed and having failed to so do within such statutory time the board of elections was without power to reject the petition and certificate of designation of Mr. Smith as the regular candidate of the Republican Party for the office of supervisor of the fourth ward of the city of Schenectady for the primary election to be held September 6, 1949. (*Matter of Taylor* v. *Redmond,* 239 App. Div. 112.)

Search reveals nothing in the Election Law which permits disavowal and rescission of a designation by a political party or a political committee when once a designation of a person has been made by such political party or political committee and such designee has formally accepted such designation. Neither is there any rule or regulation of the Schenectady County Republican Committee authorizing such procedure.

Reason and logic compels the conclusion that it would lead to utter confusion if such practice were approved, that is, of a political committee designating a person for political office and thereafter revoking and rescinding such designation, after duly enrolled members of such political party have signed a petition making such person their choice.

Affidavits have been submitted to the court signed by six Republican committeemen of the fourth ward. Upon the receipt of such affidavits by the court on the hearing of this proceeding, objection was made by counsel for petitioner, Edgar A. Smith, on the ground that such affidavits were no part of the record of the papers on file with the board of elections of Schenectady

County and could not be considered on this motion in conformity with the provisions of section 145 of the Election Law (L. 1949, ch. 100). Decision on such objection was reserved by the court. Such objections are overruled by the court and such affidavits are received only by the court and considered not as objections filed pursuant to section 145 of the Election Law (L. 1949, ch. 100) to the certificate of designation and petition filed by Mr. Smith but only and solely by the court pursuant to the mandate of section 330 of the Election Law that the court make such an order as justice may require.

Such affidavits in no wise or manner can change or alter the provisions of the Election Law of the State of New York. They are, as I view them, of the character of jurors' affidavits in attempting to nullify their verdict which after rendition may not legally be done. Based on the record of the papers filed with the board of elections of Schenectady County it is my conclusion that Edgar A. Smith was validly designated as the nominee of the fourth ward Republican County committeemen for the office of supervisor and further that the petition and certificate of designation filed in his behalf by the enrolled Republican voters of the fourth ward conform in every respect with the requirements of the Election Law and in the absence of any objections filed thereto within three days as to its form and sufficiency must be accepted. The purported designation of Joseph Coppola does not conform with the provisions of the Election Law and accordingly must be rejected as invalid.

The prayer for the relief demanded by petitioner is granted. Submit order in accordance herewith.