652

■ In the Matter of the Construction of the Will of MARION P. BUSH, Deceased. CENTRAL TRUST COMPANY, Appellant; CLAYTON F. BUSH, as Executor of MARION P. BUSH, Deceased, Respondent.— Case stricken from the day calendar and remitted to the Surrogate's Court for further proceedings. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

■ IRENE STASZAK et al., Appellants, v. BUFFALO TRANSIT Co., INC., Respondent.— Judgment and order reversed on the law, with costs to the appellants, and a new trial granted without prejudice to the plaintiffs to move to amend their complaint at Special Term if so advised. Memorandum: We are of the opinion that to dismiss the complaint upon the opening was error. (*French v. Central N. Y. Power Corp.,* 275 App. Div. 238.) All concur. (Appeal from a judgment of Erie Trial Term dismissing the complaint on the opening of plaintiff. The order directed dismissal of the complaint and denied plaintiffs' motion to amend the complaint to include matters stated in the opening.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

■ CLARENCE F. GRABB, as Receiver, v. JOHN NICHOLAS, as Receiver, et al. WILLIAM J. EDELL v. SHIRLEY M. EDELL. EVELYN M. EDELL v. WILLIAM J. EDELL. WALTER MACK v. WILLIAM EDELL et al.— Case stricken from the day calendar and remitted to the Special Term for further proceedings. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

■ In the Matter of GEORGE S. COUNTS, as Chairman of the State Committee of the Liberal Party, Appellant, against ROBERT W. SMITH et al., as Commissioners of Election, et al., Respondents.— Order affirmed, without costs on the ground that the Special Term was without jurisdiction under section 330 of the Election Law by reason of the petitioner's failure to comply with section 145 of the Election Law. (See *Matter of Taylor* v. *Redmond,* 239 App. Div. 112; *Matter of Kavesh,* 247 App. Div. 175; *Matter of Smith* v. *Board of Elections,* 196 Misc. 109; *Matter of McGovern* v. *O'Brien,* 180 Misc. 515.) All concur, except Williams and Bastow, JJ., who dissent and vote for reversal and granting the relief requested, in the following opinion by Bastow, J.: I dissent and vote to reverse and grant the requested relief. In my opinion the petitions insofar as they attempt to designate candidates for the party position of member of the County Committee are patently invalid on the record before us. They were not in proper form as required by section 135 of the Election Law and no presumption of validity pursuant to section 103 attached to them. The petitions, insofar as they attempted to designate candidates for members of the County Committee, should have been rejected by the Commissioners of Elections when an attempt was made to file them. Therefore, it was unnecessary to file objections thereto pursuant to section 145 before the proceeding was commenced. (Appeal from an order of Monroe Special Term dismissing the petition and denying the application of petitioner for a restraining order.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ. Order entered May 18, 1956.

■ FRITZ BOEHM, Appellant, v. STEVE KONIK, Respondent.— Appeal dismissed for failure to comply with previous order, with $10 motion costs.

■ WALTER MACK, Plaintiff, v. WILLIAM EDELL et al., Defendants. CLARENCE F. GRABB, as Receiver, Respondent, v. JOHN NICHOLAS, as Receiver, Appellant, et al., Defendant. (And Related Actions.) — Appeal of John Nicholas, as receiver, dismissed for failure to comply with previous order, without costs.